HANSON BRIDGETT LLP
PATRICK GLENN- 141604
pglenn@hansonbridgett.com
KEVIN REESE - 172992
kreese@hansonbridgett.com
JAHMAL T. DAVIS - 191504
jdavis@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendants
AMERICA WEST AIRLINES, INC. and
U.S. AIRWAYS, INC.

CURTIS G. OLER (Bar No. 63689)
LAW OFFICES OF CURTIS G. OLER
Post Office Box 15083
San Francisco, California 94115
Telephone: (415) 346-8015
Facsimile: (415) 346-8238

Attorney for Plaintiff
CLARISE JOY STEMLEY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CLARISE JOY STEMLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERICA WEST AIRLINES, INC.; US AIRWAYS, INC.; and DOES 1 THROUGH 25,<br><br>　　　　Defendants. | No. 3:08-cv-02040-TEH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 28, 2008<br>Time: 1:30 p.m.<br>Courtroom: 12<br>Judge: Senior Judge Thelton E. Henderson |

Pursuant to Civil L.R. 16-9(a), the parties to the above-entitled action certify that they met and conferred prior to the case management conference scheduled in this case and jointly submit this Case Management Statement.

1. <u>Jurisdiction and Service</u>:

The case was initially filed in Alameda County Superior Court on February 14, 2008 (*Alameda County Superior Court, Case No.* RG08371442). Defendants thereafter removed the case to this court on grounds of diversity jurisdiction. The Parties hereby submit to the jurisdiction of this Court.

All parties have been served in this action.

2. <u>Disputed Factual Issues</u>:

**Plaintiff:**

Although Plaintiff at all times continued to perform all of the assigned and related duties of her employment in an excellent fashion, Defendants initiated and maintained a continuing pattern of unlawful discriminatory employment practices against her which included, but were not limited, to the denial of family leave culminating in the termination of her employment effective on or about October 12, 2005, even though she was eligible therefore and complied with all requirements relative thereto.

**Defendants:**

Defendants contend that Plaintiff is a former employee who was authorized for unpaid time off work in August 2005 due to her report that she was injured in a motor vehicle accident. Defendants contend that Plaintiff never requested, nor was she eligible for leave under the California Family Rights Act (CFRA). Defendants further contend that Plaintiff's treating physician cleared Plaintiff to return to work on September 6, 2005, however Plaintiff never returned. Nor was Plaintiff ever able to provide Defendants with any additional medical excuses for her absences beyond that date. Plaintiff was thereafter lawfully terminated for job abandonment.

///

///

3.   Legal Issues Raised by Plaintiff:

Plaintiff raises the following legal theories: 1) Race Discrimination in violation of Government Code Section 12940 (a); 2) Disability Discrimination in violation of Government Code Section 12940 (a); and 3) denial of medical leave pursuant to the California Family Rights Act (CFRA), California Government Code, Section 12945.2. Plaintiff seeks compensatory and punitive damages related to these legal theories.

4.   Motions:

Defendants anticipate filing a motion for summary judgment.

5.   Amendment of Pleadings:

The Parties do not anticipate any amendments to the pleadings.

6.   Evidence Preservation:

The parties have met and conferred and confirmed the preservation of all electronic and other evidence.

7.   Disclosures:

The parties engaged in an initial meet-and-confer pursuant to Federal Rule of Civil Procedure 26(f) on or about July 14, 2008. The parties will exchange initial disclosures pursuant to Rule 26(a)(1) on or before August 11, 2008.

8.   Discovery:

The parties have met and conferred and agree that the subjects on which discovery is needed include Plaintiff's application, qualifications, work history, medical history and damage claims. Defendants will take Plaintiff's deposition and the parties agreed to allow two days for the completion of the same. Defendants anticipate serving written discovery, including interrogatories, requests for production of documents and requests for admission. Plaintiff agrees to disclose the names and addresses of all medical providers who treated Plaintiff during her employment with Defendants.

Plaintiff will propound interrogatories, request for production of documents and request for admissions to Defendants after which she will determine what depositions might be necessary.

9. <u>Class Actions:</u>

Not applicable.

10. <u>Related Cases:</u>

There are no related pending cases or proceedings.

11. <u>Relief</u>

**Relief Sought By Plaintiff:**

Plaintiff seeks damages as follows:

a) Grant Plaintiff a declaratory judgment that Defendants have violated Plaintiff's rights as guaranteed by the California Fair Employment and Housing Act (FEHA), California Government Code Section 12900, *et seq.*, in committing the acts and in engaging in the conduct complained of herein;

b) Permanently enjoin Defendants, their agents, successors, and employees and those acting in concert with them from engaging in each of the unlawful practices and policies complained of herein;

c) Award Plaintiff damages for all earnings and related employment benefits lost;

d) Reinstate Plaintiff to her said position or to a position commensurate with her skills and abilities without loss of pay, seniority or rank;

e) Award Plaintiff damages for future earnings loss;

f) Award Plaintiff damages for lost career and employment opportunities;

g) Order that all negative material be removed from Plaintiff's personnel file, or any other files or records maintained in connection with Plaintiff's employment;

h) Award Plaintiff compensatory damages for severe psychological harm in an amount to be proven at trial;

i) Award Plaintiff punitive damages in an amount commensurate with harm caused to Plaintiff and Defendant's financial ability;

- 4 -

        j)      Award Plaintiff costs of suit; and

        k)      Grant Plaintiff reasonable attorney's fees.

**Relief Sought By Defendants:**

Defendants contend that Plaintiffs are not entitled to any damages. Defendants further pray that Plaintiff take nothing; that judgment be entered in Defendants' favor; and that Defendants recover their costs and attorneys' fees.

12.    <u>Settlement and ADR:</u>

The parties have met and conferred and are both agreeable to mediation.

13.    <u>Consent to Magistrate Judge For All Purposes:</u>

The Parties have not mutually consented to have a magistrate judge conduct all further proceedings.

14.    <u>Other References:</u>

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues:</u>

The parties have not yet been able to agree on issues that can be narrowed for trial. However, both parties remain open, and will endeavor during the course of discovery to identify any such issues or facts that can be narrowed.

16.    <u>Expedited Schedule:</u>

This is not the type of case that can be handled on an expedited basis.

17.    <u>Scheduling:</u>

Defendants are not available for trial on the following dates: April 6-30, 2009.

Plaintiffs are not available for trial on the following dates: March 30 - April 10, 2009; May 4 - May 15, 2009.

Based on the foregoing, the parties propose the following trial schedule:

| | |
|---|---|
| Expert Designation Deadline: | March 6, 2009 |
| Discovery Cutoff: | April 8, 2009 |
| Deadline to hear dispositive motions: | April 8, 2009 |

- 5 -

| | | |
|---|---|---|
| 1 | Expert Discovery Cutoff: | May 8, 2009 |
| 2 | Pre-Trial Conference: | May 22, 2009 |
| 3 | Trial Date: | June 8, 2009 |

18. <u>Trial</u>:

The case will be tried to a jury. The expected length of trial is 10 days.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

The Parties are not aware of any non-party interested entities or persons.

20. The Parties are not presently aware of any other matters that could facilitate the just, speedy and inexpensive disposition of this matter.

It is noted that Plaintiff suffered a brain aneurism on July 4, 2008 while traveling in Illinois and remains hospitalized.

DATED: July 21, 2008                HANSON BRIDGETT LLP

By: /s/ Jahmal T. Davis
PATRICK GLENN
KEVIN D. REESE
JAHMAL T. DAVIS
Attorneys for Defendants
AMERICA WEST AIRLINES, INC. and
U.S. AIRWAYS, INC.

DATED: July 21, 2008                LAW OFFICES OF CURTIS G. OLER

By: /s/ Curtis G. Oler
CURTIS G. OLER
Attorneys for Plaintiff
CLARISE JOY STEMLEY